T.C. Memo. 2008-160

UNITED STATES TAX COURT

ROBERT M. DANIELS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6646-07.                    Filed June 24, 2008.

Robert M. Daniels, pro se.

<u>Michele A. Yates</u> and <u>Ann M. Welhaf</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency of
$4,325 in petitioner's Federal income tax (tax) for his taxable
year 2005.

The issues for decision for petitioner's taxable year 2005
are:

(1) Is petitioner entitled under section 151[1] to a dependency exemption deduction for any of his three sons Robert M. Daniels, Jr., GGD, and AZG?  We hold that he is not.

(2) Is petitioner entitled under section 2(b) to head of household status?  We hold that he is not.[2]

(3) Is petitioner entitled under section 24 to a child tax credit with respect to any of his three sons Robert M. Daniels, Jr., GGD, and AZG?  We hold that he is not.

FINDINGS OF FACT

At the time petitioner filed the petition, he resided in Texas.

Robert M. Daniels, Jr. (Junior), who was born on January 15, 1985, GGD, who was born on June 16, 2002, and AZG, who was born on July 29, 2003, are petitioner's biological sons.  (We shall sometimes refer collectively to Junior, GGD, and AZG as petitioner's sons.)  Alesa Goosby is the biological mother of GGD and AZG.

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The Court's resolution of petitioner's filing status controls the amount of the standard deduction under sec. 63(c)(1) and (2) to which petitioner is entitled for his taxable year 2005.  See infra note 3.

During 2005, petitioner worked as a bus operator for the following three companies:  Startran, Inc., First Transit Transportation, LLC, and ATC/Vancom, Inc.

Alesa Goosby was the custodial parent of GGD and AZG until early in 2004.  At no time was petitioner the custodial parent of GGD or AZG.  Nor did petitioner have at any time an agreement with Alesa Goosby regarding custody or visitation of GGD and AZG.  Alesa Goosby never signed Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to allow petitioner to claim GGD or AZG as a dependent.

On January 2, 2004, Protective Services for the Family Department of the State of Texas (Texas Protective Services) removed GGD and AZG from the home of Alesa Goosby, the custodial parent.  Thereafter, those children were placed in foster care. In 2005, Alesa Goosby's parental rights with respect to GGD and AZG were terminated.

None of petitioner's sons lived with petitioner during 2005. During that year, petitioner made child support payments for GGD and AZG to (1) Alesa Goosby in the amount of $461.60 and (2) Texas Protective Services in the amount of $2,850.06.  By August 2005, petitioner stopped having to make payments to either Alesa Goosby or Texas Protective Services for the support of those children.

Petitioner timely filed Form 1040A, U.S. Individual Income Tax Return, for his taxable year 2005 (2005 return). In that return, petitioner reported wages of $41,701 and claimed (1) dependency exemption deductions for Junior, GGD, and AZG, (2) head of household filing status, and (3) a child tax credit.

Alesa Goosby did not claim GGD or AZG as a dependent in a tax return for her taxable year 2005.

Respondent issued to petitioner a notice of deficiency for his taxable year 2005 (2005 notice). In that notice, respondent disallowed (1) the dependency exemption deductions for Junior, GGD, and AZG, (2) head of household filing status, and (3) the child tax credit that petitioner claimed in his 2005 return.[3]

OPINION

Petitioner has the burden of establishing that he is entitled for his taxable year 2005 to (1) dependency exemption deductions for Junior, GGD, and AZG, (2) head of household filing status, and (3) a child tax credit.[4]  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

[3]In the 2005 notice, respondent also made a correlative adjustment to the standard deduction that petitioner claimed in his 2005 return.  See supra note 2.

[4]Neither party addresses sec. 7491(a).  On the record before us, we conclude that the burden of proof does not shift to respondent with respect to any of the factual issues in this case.  See sec. 7491(a)(1) and (2)(A) and (B).

With respect to the claimed dependency exemption deductions, as pertinent here, section 151 allows a taxpayer a dependency exemption deduction for each individual who is a dependent of the taxpayer for the taxable year within the meaning of section 152. Sec. 151(a), (c).  Section 152(a) defines the term "dependent" to mean a qualifying child or a qualifying relative.

Section 152(c) defines the term "qualifying child" in pertinent part as follows:

> SEC. 152.  DEPENDENT DEFINED.
>
> > (c) Qualifying Child.--For purposes of this section--
> >
> > > (1) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--
> > >
> > > > (A) who bears a relationship to the taxpayer described in paragraph (2),
> > > >
> > > > (B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,
> > > >
> > > > (C) who meets the age requirements of paragraph (3), and
> > > >
> > > > (D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

As pertinent here, for purposes of section 152(c)(1)(A), an individual bears a relationship to the taxpayer if that individual is a child of the taxpayer.  Sec. 152(c)(2)(A).  For purposes of section 152(c)(1)(C), an individual meets the age requirements

if such individual

   (i) has not attained the age of 19 as of the close of the calendar year in which the taxable year of the taxpayer begins, or

   (ii) is a student who has not attained the age of 24 as of the close of such calendar year.

  (B) Special rule for disabled.--In the case of an individual who is permanently and totally disabled (as defined in section 22(e)(3)) at any time during such calendar year, the requirements of subparagraph (A) shall be treated as met with respect to such individual.

Sec. 152(c)(3)(A) and (B).

Section 152(d) defines the term "qualifying relative" in

pertinent part as follows:

SEC. 152.  DEPENDENT DEFINED.

  (d) Qualifying Relative.--For purposes of this section--

   (1) In general.--The term "qualifying relative" means, with respect to any taxpayer for any taxable year, an individual--

    (A) who bears a relationship to the taxpayer described in paragraph (2),

    (B) whose gross income for the calendar year in which such taxable year begins is less than the exemption amount (as defined in section 151(d)),

    (C) with respect to whom the taxpayer provides over one-half of the individual's support for the calendar year in which such taxable year begins, and

    (D) who is not a qualifying child of such taxpayer or of any other taxpayer for any taxable year beginning in the calendar year in which such taxable year begins.

As pertinent here, for purposes of section 152(d)(1)(A), an individual bears a relationship to the taxpayer if the individual is a child of the taxpayer, sec. 152(d)(2)(A), or

> (H) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 7703, of the taxpayer) who, for the taxable year of the taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household.

Sec. 152(d)(2)(H).

We have found that none of petitioner's sons lived with him during 2005. A fortiori, at no time during that year did petitioner have the same principal place of abode as Junior,[5] GGD, or AZG. On the record before us, we find that petitioner has failed to carry his burden of establishing that any of petitioner's sons is a qualifying child within the meaning of section 152(c).[6]

We have found that during 2005 petitioner paid child support payments for GGD and AZG to (1) Alesa Goosby in the amount of $461.60 and (2) Texas Protective Services in the amount of $2,850.06. However, petitioner has failed to carry his burden of establishing the total support provided during that year for each of those children. Nor has petitioner established that during

---

[5]In addition, petitioner has failed to establish that during 2005 Junior, who was 20 years old, was a student, see sec. 152(c)(3)(A)(ii), or was permanently and totally disabled, see sec. 152(c)(3)(B).

[6]On the instant record, we find that the special rule set forth in sec. 152(c)(4) does not apply.

2005 he provided any support for Junior, let alone more than one-half of Junior's total support during that year. On the record before us, we find that petitioner has failed to carry his burden of establishing that during 2005 he provided over one-half of the total support of any of petitioner's sons. On that record, we further find that petitioner has failed to carry his burden of establishing that any of petitioner's sons is a qualifying relative within the meaning of section 152(d).[7]

On the record before us, we find that petitioner has failed to carry his burden of establishing that for his taxable year 2005 he is entitled under section 151 to dependency exemption deductions for Junior, GGD, and AZG.

With respect to the claimed head of household filing status and the claimed child tax credit, we have found that at no time during 2005 did petitioner have the same principal place of abode as Junior, GGD, or AZG and that for petitioner's taxable year 2005 none of petitioner's sons is a qualifying child within the meaning of section 152(c). On the record before us, we find that petitioner has failed to carry his burden of establishing that

---

[7]On the instant record, we find that none of petitioner's sons has a relationship to petitioner described in sec. 152(d)(2)(H). On that record, we further find that the special rules set forth in sec. 152(d)(3), (4), and (5) do not apply.

for his taxable year 2005 he is entitled under section 2(b)[8] to

head of household status.  On that record, we further find that

petitioner has failed to carry his burden of establishing that

for his taxable year 2005 he is entitled under section 24[9] to a

---

[8]Sec. 2 provides in pertinent part:

SEC. 2.  DEFINITIONS AND SPECIAL RULES.

(b) Definition of Head of Household.--

(1) In general.--For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either--

(A) maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of--

(i) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e)) * * *

[9]Sec. 24 provides in pertinent part:

SEC. 24.  CHILD TAX CREDIT.

(a) Allowance of Credit.--There shall be allowed as a credit against the tax imposed by this chapter for the taxable year with respect to each qualifying child of the taxpayer an amount equal to $1,000.

*      *      *      *      *      *      *

(c) Qualifying Child.--For purposes of this section--

(continued...)

child tax credit.

We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.

---

[9](...continued)

    (1) In general.--The term "qualifying child" means a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17.